# In The United States Court of Federal Claims

No. 04-1131

(Filed:  January 6, 2006)

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

_____

RICHARD P. HASTINGS, and
NUCLEAR PROTECTION SERVICES INC.,

                Plaintiffs,

  v.

THE UNITED STATES,

                Defendant.

_____

**OPINION**

_____

**ALLEGRA, Judge**:

      This case is before the court on defendant's partial motion to dismiss.

**I.    BACKGROUND**[1]

      The plaintiff herein, Richard P. Hastings, holds U.S. Patent No. 4,586,849 (the '849 patent), entitled "Nuclear Disposal Method and System."

      Beginning in the 1950s, scientists began researching ways of disposing of highly radioactive nuclear waste that was accumulating at power plants and other sites nationwide.  Mr. Hastings developed a concept for dealing with this problem.  In August of 1981, he was granted a novelty search of the records of the United States Patent and Trademark Office, to determine whether an invention had been patented that was similar to his concept.  Shortly thereafter, on January 7, 1983, Congress enacted the Nuclear Waste Policy Act of 1982, _as amended_, 42 U.S.C. §§ 10101 _et seq._ (2004) (NWPA).  Under the NWPA, the Department of Energy (DOE) and nuclear power facilities

---

[1] In reviewing a motion to dismiss under RCFC 12, the court must accept, as true, the facts alleged in the complaint, _Davis v. Monroe County Bd. of Educ._, 526 U.S. 629, 633 (1999), and must construe all reasonable inferences in favor of the non-movant.  _Sommers Oil Co. v. United States_, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

are mandated to enter into standard contracts under which the facilities pay fees in return for the DOE's obligation to remove and dispose of spent nuclear fuel (SNF).

On December 1, 1983, Mr. Hastings filed U.S. Patent Application Serial No. 557,730, from which the '849 patent was issued. On the same day, he assigned the entire right, title, and interest to the '849 patent to Nuclear Protection Systems, Inc. (NPS). On May 24, 1984, a DOE representative inspected the patent application; at this point, the application was not in the public domain. On October 25, 1985, a DOE representative received a copy of the patent application, the subject matter of which was still secret. On May 6, 1986, the '849 patent was issued, and the contents of the patent became publicly known.

In 1986, the Secretary of Energy nominated five potential sites for storing high-level radioactive nuclear waste. That same year, the President approved three such sites – Hanford, Washington; Deaf Smith County, Texas; and Yucca Mountain, Nevada – for further study. However, in 1987, Congress amended the NWPA, directing the DOE to focus its entire development effort on evaluating Yucca Mountain, Nevada, as the location for the permanent nuclear waste storage site. *See* 42 U.S.C. § 10133.

On July 18, 1987, plaintiffs filed an administrative claim with the DOE, asserting the latter's unauthorized use of the invention claimed in the '849 patent. DOE did not act favorably upon this claim. Nearly seventeen years later, on July 8, 2004, plaintiffs filed a complaint in this court that includes three counts: (i) Count I, seeking damages "under 28 U.S.C. §1498(a), for the unlicensed use of U.S. Patent 4,586,849 . . . by or for the government;" (ii) Count II, seeking damages "under the Fifth Amendment, for the government's taking of the '849 patent for public use without just compensation;" and (iii) Count III, seeking damages "under 28 U.S.C. §1491(a) for the government's breach of an implied-in-fact contract to maintain the secrecy of plaintiffs' pending patent application."

On November 2, 2004, the defendant moved to dismiss counts II and III of plaintiffs' complaint under RCFC 12(b)(1) and 12(b)(6).

## II.   DISCUSSION

Defendant asserts that this court lacks jurisdiction over counts II and III of plaintiffs' complaint because, *inter alia*, the statute of limitations for those claims had run prior to the time this suit was filed. While plaintiffs mount arguments to the contrary, this court believes that defendant is right.

Defendant first contends that plaintiffs' takings claim is untimely under 28 U.S.C. § 2501, which establishes a six-year statute of limitations for Tucker Act claims. Count II of plaintiffs' complaint alleges that the government's regulation of the nuclear waste industry made it impossible for operators of civilian nuclear power reactors to contract with private entities, such as plaintiffs, for SNF disposal. Plaintiffs argue that the enactment of the NWPA thereby effectuated a regulatory taking of their property, without just compensation, within the meaning of the Fifth Amendment to the U.S. Constitution. They do not contest that this claim arose upon the enactment of the NWPA in 1982, which would make count II of its complaint untimely under section 2501. Rather, they assert that there is no statute of limitations on a takings claim.

As defendant notes, actions brought under the Tucker Act generally are time-barred, if they are not filed within six years of the date the causes of action accrued. 28 U.S.C. § 2501; *see also Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990). The court's six-year statute of limitations is a jurisdictional requirement, which must be strictly construed. *See Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988). Although generally the allegations in the complaint are deemed true, a plaintiff, nonetheless, bears the burden of proving by a preponderance of the evidence that its action was timely filed.[2] The court may not waive the statute of limitations. *Soriano v. United States*, 352 U.S. 270, 275 (1957); *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1376-77 (Fed. Cir. 1998).[3] Under section 2501, "[a] claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Oceanic Steamship Co. v. United States*, 165 Ct. Cl. 217, 225 (1964); *see also Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004); *Hopland Band of Pomo Indians*, 855 F.2d at 1577; *Kinsey v. United States*, 852 F.2d 556, 557 (Fed. Cir. 1988).

Contrary to plaintiffs' claims, the Federal Circuit has repeatedly held that just compensation claims are subject to this six-year statute of limitations. Thus, for example, in *Hair v. United States*, 350 F.3d 1253 (Fed. Cir. 2003), which involved a takings claim, the court held that "[ a] constitutional claim can become time-barred just as any other claim can," noting that "[n]othing in the Constitution requires otherwise." *Id*. at 1260 (*quoting Block v. North Dakota*, 461 U.S. 273, 292 (1983)). The Federal Circuit reached the same conclusion in *Stone Container Corp. v. United States*, 229 F.3d 1345, 1350 (Fed. Cir. 2000), wherein it stated – "Both the Supreme Court and this court have repeatedly held that the federal government may apply statutes of limitations to just compensation claims." *See also Alliance of Descendants of Tex. Land Grants v. United States*, 37 F.3d 1478, 1481-82 (Fed. Cir. 1994) (holding that a takings claim was barred by the statute of limitations). Numerous decisions of this court are to the same effect. *See, e.g., Walker v. United States*, 66 Fed. Cl. 57, 62 (2005); *Dwen v. United States*, 62 Fed.Cl. 76, 81-82 (2004). Accordingly, based upon a wealth of authority, this court concludes that plaintiffs' takings claim is subject to the six-year statute of limitations of 28 U.S.C. § 2501, and thus must be dismissed.

The court reaches a similar conclusion as to count III of plaintiffs' complaint, concerning the alleged breach of an implied-in-fact agreement to maintain the secrecy of plaintiffs' pending patent application. Assuming, *arguendo*, such an agreement ever existed, it would appear that the breach

---

[2] *See McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 189 (1936) ("If [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); *Toxgon Corp. v. BNFL, Inc*., 312 F.3d 1379, 1383 (Fed. Cir. 2002); *Reynolds v. Army & Air Force Exch. Serv*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction was put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

[3] In explaining the rationale for strictly adhering to the limitations period, the Court of Claims stated that – "Our statute of limitations is jurisdictional and must be strictly construed to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records." *Kirby v. United States*, 201 Ct. Cl. 527, 539 (Ct. Cl. 1973), *cert. denied*, 417 U.S. 919 (1974).

action underlying count III accrued no later than May 6, 1986, the issue date of the '849 patent, when the information in the patent became public. Obviously, to be actionable, any breach of secrecy would have had to occur before the same information became public. The claim underlying count III, therefore, appears to have accrued over eighteen years ago.

In arguing otherwise, plaintiffs harken to the equivalent of the accrual suspension rule discussed in *Spevack v. United States*, 390 F.2d 977 (Ct. Cl. 1968). In *Spevack,* the Court of Claims held that the plaintiff's action did not immediately accrue because the government, in operating a top secret heavy water plant, had concealed its actions, classifying documents that revealed that use. *Id.* at 981. Plaintiffs, however, have not offered the slightest evidence that the government concealed its actions here, rendering *Spevack* inapposite. *See Motorola, Inc. v. United States*, 13 Cl. Ct. 420, 426-27 (1987). Rather, they suggest only that further discovery may reveal some impropriety or concealment that might prevent the statute of limitations from being viewed as having run. But, at oral argument, plaintiffs' counsel readily acknowledged that the government's access to plaintiffs' patent application was fully disclosed in the patent file and that anyone checking that file after the patent was issued in 1986 would have seen it. Plaintiffs, in fact, certainly were aware that the DOE had accessed their file no later than July 18, 1997, when they filed an administrative claim asserting that the DOE had engaged in the unauthorized use of the '849 patent. Yet, they waited until July 8, 2004, to file their complaint herein – a date more than six years after the administrative claim (and, again, approximately eighteen years after the information regarding the access to its file was available to the public). As such, plaintiffs are in no position to invoke the accrual suspension rule.[4] The result is that count III of their complaint is also untimely.

## III. CONCLUSION

This court need go no further. Based on the foregoing, it grants defendant's motion to dismiss counts II and III of the complaint for lack of jurisdiction.[5] The Clerk shall dismiss counts II and III. On August 19, 2005, the parties filed a joint status report indicating how this court should proceed with count I of plaintiff's complaint. On or before January 27, 2006, the parties shall file a joint status report, updating this prior report and including, in particular, a specific proposed schedule for further proceedings herein.

**IT IS ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

[4] For similar reasons, plaintiffs are in no position to assert equitable tolling or any other related theory that is based upon the notion that they did not have actual knowledge of their claim until within six years of the filing of their lawsuit. *See Japanese War Notes Claimants Ass'n of the Philippines, Inc. v. United States,* 373 F.2d 356, 358-359 (Ct. Cl.), *cert. denied*, 389 U.S. 971 (1967).

[5] Based on these rulings, this court need not consider defendant's other grounds for dismissing counts II and III.